UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAA FAIRLANE PROPERTY, LLC,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY
and OHIO SECURITY INSURANCE COMPANY,

    Defendants.
_____/

Case No. 22-12012
Honorable Victoria A. Roberts

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On September 19, 2022, the Court ordered Plaintiff to show cause as to why the Court has jurisdiction to hear this case. Plaintiff filed a response alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff says that complete diversity exists because: (1) Plaintiff is a limited liability company whose sole member, Tahrik Alcodray, is "a resident of the State of Michigan since birth [ECF No. 7]," (2) both defendants are citizens of different states, and (3) the amount in controversy is over $75,000 [ECF No. 1].

The Court is still not satisfied that complete diversity exists.

To satisfy diversity jurisdiction, a party must allege an individual's *citizenship* of a state, not that the individual is a "resident" of a particular state.  See *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399-400

(1925); *Walker v. Iverson*, 509 Fed. Appx. 394, 395-96, n.1 (6th Cir. 2012) ("It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state.") (citation omitted). A limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well").

To properly allege an individual's "citizenship," Plaintiff must establish his or her "domicile." *See Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 Fed. Appx. 726, 728 (6th Cir. 2002). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id*.

That Plaintiff is "a resident of the State of Michigan since birth" is not enough to establish domicile. No mention is made of an intention to remain in Michigan indefinitely, nor does Plaintiff allege that he is a citizen of Michigan. Accordingly, Plaintiff fails to properly allege the citizenship of

Tahrik Alcodray as the sole member of TAA Fairlane Property, LLC, and the Court is not satisfied that it has jurisdiction.

Plaintiff fails to establish that complete diversity exists under § 1332. The Court dismisses this case without prejudice.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  September 23, 2022